UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE BOYKIN, JR.,

    Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., FEDERAL NATIONAL
MORTGAGE ASSOCIATION, TROTT & TROTT,
ORLANS ASSOCIATES, P.C., THE CITY OF
DETROIT, DAVE BING, POLICE OFFICER
LARRY DUDLEY, STATE OF MICHIGAN 36TH
DISTRICT ADMINISTRATOR, AND B.
MARTIN-CLARK,

    Defendants.

                                                    /

CASE NO. 2:11-cv-15308
JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**
**(docket # 5 and #10)**

I.       <u>RECOMMENDATION</u>: The Court should grant defendant Orlans's and defendants MERS's motions to dismiss, both of which have been joined in by defendants FNMA and Trott & Trott, and should therefore dismiss plaintiff's claims against these defendants. If the Court accepts this recommendation, the Court should also dismiss *sua sponte* the claims against the remaining defendants.

II.      <u>REPORT</u>:

A.      *Procedural Background*

Plaintiff Clarence Boykin, Jr., proceeding *pro se*, commenced this action in the Wayne County Circuit Court on November 4, 2011, challenging a residential foreclosure. Defendants removed the action to this Court on December 2, 2011, pursuant to 28 U.S.C. §§ 1441, 1446. In his complaint, plaintiff alleges that he is "the legal title holder and owner of certain residential real

property located within the County of Wayne, State of Michigan, upon which MERS illegally foreclosed through the use of non-judicial foreclosures by advertisement[.]" Compl., ¶ 23. He further alleges that defendant Mortgage Electronic Registration Systems, Inc. (MERS), illegally foreclosed on the property on May 5, 2010, and that he was evicted therefrom on November 2, 2011, in contradiction to a Michigan Court of Appeals decision holding that MERS cannot use non-judicial foreclosure by advertisement procedures. *See id.*, ¶¶ 26-27. Plaintiff's complaint contains no specific factual allegations regarding any other defendant. Plaintiff brings claims for: (1) fraud and misrepresentation; (2) conversion; (3) trespass; (4) theft; (5) wrongful foreclosure; (6) violation of the Michigan Consumer Protection Act; (7) violation of the Fair Debt Collection Practices Act; (8) interference with possessory interest; and (9) unjust enrichment. Plaintiff also asserts counts seeking to set aside the foreclosure and quiet title, and for repossession of the property. In addition to these remedies and a declaration that the foreclosure is void, plaintiff seeks $3,000,000.00 in compensatory damages, punitive damages, and attorney fees.

The matter is currently before the Court on two motions to dismiss filed by some of the defendants. On December 6, 2011, defendant Orlans Associates filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Orlans argues that the Michigan Court of Appeals decision upon which plaintiff's entire complaint is premised was reversed by the Michigan Supreme Court, and thus there is no legally sufficient ground for plaintiff to maintain this lawsuit. Second, on December 9, 2011, defendant MERS filed a motion to dismiss. In addition to echoing the argument made by Orlans, MERS also argues that plaintiff lacks standing to challenge the foreclosure because he failed to comply with Michigan's tender rule within the redemption period, and because each of the individual claims asserted by plaintiff fail to state a claim for relief. On December 20, 2011,

defendants Federal National Mortgage Association (FNMA) and Trott & Trott filed separate notices of concurrence, joining in Orlans's and MERS's motions. The remaining defendants have not appeared, and it is not clear whether they have been properly served.

On December 7, 2011, I entered an Order granting plaintiff until January 12, 2012, in which to file a response to defendant Orlans's motion to dismiss. On December 13, 2012, I entered an Order granting plaintiff until January 31, 2012, in which to file a response to defendant MERS's motion to dismiss. As of the date of this Report, plaintiff has not responded to either motion, or filed any motion or pleading of his own. For the reasons that follow, the Court should grant defendants' motions to dismiss, and should dismiss plaintiff's claims against MERS, Orlans, FNMA, and Trott & Trott. The Court should also *sua sponte* dismiss the claims against the remaining defendants.[1]

B.   *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

---

[1] By failing to file an opposition to defendants' motions, plaintiff has "waived his opposition to the dismissal of these claims." *May v. Wal-Mart Stores, Inc.*, 819 F. Supp. 2d 652, 655 (E.D. Mich. 2011) (Cleland, J.) (citing *Scott v. State of Tenn.*, No. 88–6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.")). However, in light of plaintiff's *pro se* status, it is appropriate to address the claims on the merits. *See id.*

*Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).[2]

To the extent that plaintiff alleges fraudulent conduct on the part of defendants, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

C.  *Analysis*

   1.  *Claims Premised on Unlawful Foreclosure*

Most of plaintiff's claims are premised upon his argument that MERS illegally foreclosed on the mortgage under the Michigan foreclosure by advertisement statute. These include his claims for conversion, trespass, theft, wrongful foreclosure, quiet title, and possession. Defendants are

---

[2]A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Although MERS has attached some matters outside the pleadings, it argues the matter solely as one relating to the sufficiency of plaintiff's complaint, not to the existence or lack thereof of any genuine issues of material fact. Thus, in the analysis which follows I consider only the allegations of the complaint under the Rule 12(b)(6) standard, and do not consider the documents submitted by MERS. Accordingly, the Court need not consider defendants' motion as one for summary judgment under Rule 56. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("Where . . . the court simply refers to supplementary material [in its recitation of the factual background of the case], but does not rely on them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment."); *cf. Little Gem Life Servs., LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 916 (8th Cir. 2008).

entitled to dismissal of these claims because the premise of the claims–that the foreclosure by advertisement was illegal–is without merit.

Michigan law provides that

a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
(c) The mortgage containing the power of sale has been properly recorded.
(d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

MICH. COMP. LAWS § 600.3204(1). The foreclosure by advertisement statute further provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id.* § 600.3204(3). Plaintiff does not allege in his complaint that any of the requirements for foreclosure by advertisement were not satisfied. He does not assert that he was not in default, that any legal action or proceeding had been instituted to recover the debt, or that the mortgage did not contain an express right of acceleration and power of sale, or that MERS had no interest in the indebtedness.

Plaintiff's complaint alleges only that MERS illegally foreclosed because it was not permitted to do so based on a Michigan Court of Appeals decision. Although he does not name the decision, plaintiff's Complaint is referring to *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011), *rev'd*, 490 Mich. 909, 805 N.W.2d 183 (2011). In *Saurman*, the

court considered whether Mortgage Electronic Registration Systems (MERS), which was not named as the lender but was designated the mortgagee as a nominee for the lender, could foreclose by advertisement under § 600.3204. The court held that MERS could not invoke § 600.3204, because as only a nominee of the lender it did not itself have an interest in the indebtedness itself, but only an interest in the property. *See Saurman*, 292 Mich. App. at 331-37, 807 N.W.2d at 417-20. Judge Wilder dissented, concluding that MERS did, as the nominated mortgagee, have an interest in the indebtedness. *See id.* at 347-50, 807 N.W.2d at 425-27 (Wilder, J., dissenting). On appeal, however, the Michigan Supreme Court summarily reversed the court of appeals's decision, explicitly adopting Judge Wilder's conclusion that MERS had an interest in the indebtedness and thus could foreclose by advertisement. *See Saurman*, 490 Mich. at 909-10, 805 N.W.2d at 183-84. In light of the Michigan Supreme Court's decision in *Saurman*, MERS did have the authority to foreclose by advertisement.

This conclusion compels dismissal of plaintiff's claims for conversion, trespass, theft, wrongful foreclosure, interference with a possessory interest, and possession, and to quiet title, all of which are premised on his claim that MERS had no right to foreclose and therefore he retains a possessory and ownership interest in the property. Because MERS properly foreclosed, each of these claims fails to state a claim upon which relief may be granted, and defendants are entitled to dismissal of these claims.[3]

---

[3]In addition, even if MERS had wrongfully foreclosed, defendants would still be entitled to dismissal of plaintiff's claims for theft and conversion. Under Michigan law, a claim for conversion lies only where a defendant wrongfully asserts an act of dominion over another's *personal* property; there is no conversion tort with respect to real property. *See Collins v. Wickersham*, ___ F. Supp. 2d ___, ___, 2012 WL 995208, at *4-*5 (E.D. Mich. Mar. 23, 2012) (Duggan, J.) (citing *Eadus v. Hunter*, 268 Mich. 233, 237, 256 N.W. 323, 325 (1934); *Embrey v. Weissman*, 74 Mich. App. 138, 143, 253 N.W.2d 687, 690 (1974)); *Bolone v. Wells Fargo Home Mortgage, Inc.*, ___ F. Supp. 2d ___, ___, 2012 WL 882894, at *11 (E.D. Mich. Mar. 14, 2012) (Zatkoff, J.). Further, "there is no recognized cause of action for 'theft of

2. *Fraud*

Likewise, plaintiff's fraud claim fails to state a claim under Rule 9(b). Plaintiff alleges in conclusory fashion that "[d]efendants did misrepresent facts, or purposely fail to disclose material facts, in prosecution of non-judicial foreclosure by advertisement[.]" Compl., ¶ 29. He fails to allege, however, who made fradulent statements or omissions, what those statements were, when they were made, or how he relied on them to his detriment. Plaintiff's conclusory allegation of fraud is insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood, J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendants are entitled to dismissal of the fraud claim.

3. *Michigan Consumer Protection Act*

Plaintiff's claim under the Michigan Consumer Protection Act (MCPA) also fails to state a claim upon which relief may be granted. Plaintiff does not allege that defendants violated any specific provision of the MCPA, or engaged in any conduct violative of the Act other than their allegedly illegal foreclosure. *See* Compl., ¶ 55. By its terms, the MCPA does not apply to transactions or conduct "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Because mortgage loan transactions are authorized and regulated by numerous state and federal laws, "[b]oth Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions." *Chungag v. Wells Fargo*

---

real estate'" under Michigan law. *Avery v. Benke*, No. 268107, 2006 WL 2382426, at * 2 (Mich. Ct. App. Aug. 17, 2006) (per curiam).

*Bank, N.A.*, No. 10–14648, 2011 WL 672229, at *4 (E.D. Mich. Feb.17, 2011) (Edmunds, J.) (citing *Newton v. Bank West*, 262 Mich. App. 434, 686 N.W.2d 491, 494 (2004); *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich.2003), *aff'd*, 172 Fed. Appx. 652 (6th Cir.2006)). Accordingly, defendants are entitled to dismissal of this claim.

        4.        *Fair Debt Collection Practices Act*

Plaintiff also asserts a claim under the Fair Debt Collection Practices Act (FDCPA). This claim also fails as a matter of law. First, plaintiff alleges only in conclusory fashion that defendants "did utilize means, methods and conduct which served to harass, oppress and abuse [p]laintiff," and "which were false, deceptive and/or misleading." Compl., ¶¶ 63-64. He does not allege what any of those means or methods were, however, and his allegations are therefore nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Second, any FDCPA claim is barred by the statute of limitations. The FDCPA provides that "[a]n action to enforce any liability created by this [Act] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, it is undisputed that the foreclosure sale occurred on November 21, 2008, and the judgment was entered in state court on February 17, 2009. Plaintiff's complaint was filed in state court on November 4, 2011, more than two years later and well outside the one-year statute of limitations governing actions under the FDCPA. *See March v. Countrywide Home Loans Serv.*, No. 10-12650, 2011 WL 1792592, at *5 (E.D. Mich. May 11, 2011) (Battani, J.); *Barthlow v. Trott & Trott, P.C.*, No. 10-11902, 2010 WL 3258362, at *3 (E.D. Mich. Aug. 17, 2010) (Cook, J.). Third, the FDCPA regulates only "debt collectors," that is, those engaged in "business the principle purpose of which

9

is the collection of any debts . . . owed or due or assessed to be due another." 15 U.S.C. § 1692a(6). There are no allegations that plausibly show that any of the defendants are "debt collectors" under the FDCPA. With respect to MERS in particular, a creditor enforcing its own security interest is not a "debt collector," *see Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003), and thus MERS was not a debt collector subject to the FDCPA when it foreclosed on the property. *See Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011); *Baumgarten v. Wells Fargo Bank, N.A.*, No. 11-cv-14065, 2012 WL 2223154, at *7 (E.D. Mich. June 15, 2012) (Steeh, J.). Accordingly, defendants are entitled to dismissal of plaintiff's FDCPA claim.

      5.    *Unjust Enrichment*

Finally, defendants are entitled to dismissal of plaintiff's unjust enrichment claim, for two reasons. First, it is well established under Michigan law that a quasi-contract or implied contract theory, such as unjust enrichment, can only be maintained if the transaction in question is not the subject matter of an express contract. *See Barber v. SMH (U.S.), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993); *Kuhfeldt v. Liberty Mut. Ins. Co.*, 833 F. Supp. 632, 638 (E.D. Mich. 1993) ("There cannot be an express and an implied contract covering the same subject matter at the same time."). Here, there was an express contract covering the mortgage and loan to plaintiff, and thus an unjust enrichment claim is not viable. *See Aiyash*, 2010 WL 4629219, at *3. Second, under Michigan law, "[t]he elements of a claim of unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber*, 202 Mich. App. at 375, 509 N.W.2d at 796; *see also*, *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (2003). Because plaintiff does not allege that he was not in default on the loan, and because MERS had the right to foreclose under

Michigan law, plaintiff has failed to allege that any inequity resulted from the foreclosure. Accordingly, defendants are entitled to dismissal of plaintiff's unjust enrichment claim.

      6.    *Nonmoving Defendants*

Defendants City of Detroit, Dave Bing, Larry Dudley, State of Michigan 36th District Administrator, and B. Martin-Clark have not moved to dismiss or joined in defendants Orlans's or MERS's motions. Nevertheless, the Court should conclude that they are entitled to dismissal *sua sponte*. It is well established that "[a] court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also*, *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008). A court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n.11 (W.D. Mo. 1983). Here, plaintiff's claims against defendants are undifferentiated–the complaint asserts all of the claims against the "defendants" collectively. Thus, for the same reasons that the moving defendants are entitled to dismissal, the nonmoving defendants are likewise entitled to dismissal.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to state a claim upon which relief may be granted against defendants in any respect. Accordingly, the Court should grant defendant Orlans's and defendant MERS's motions to dismiss and dismiss the claims as to the moving defendants (Orlans, MERS, FNMA, and Trott & Trott). If the Court accepts this

recommendation, the Court should also dismiss, *sua sponte*, the claims against the remaining defendants.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J .Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: 7/6/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 6, 2012.

s/Eddrey Butts
Case Manager